IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY FRINTNER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No.: |
| | : | |
| TRUEPOSITION, INC., | : | |
| Defendant. | : | |

## COMPLAINT

1. This is a gender discrimination lawsuit brought by Mary Frintner against her former employer, TruePosition, Inc. ("TruePosition"). It raises three distinct claims: an equal pay for equal work claim, a claim for promotion discrimination and a claim for discriminatory termination from employment.

2. Ms. Frintner's pay discrimination claim is brought pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.* ("PHRA"). Her promotion and employment termination claims are brought pursuant to Title VII and the PHRA.

## JURISDICTION

3. Subject matter jurisdiction over Ms. Frintner's Title VII claims is conferred on the Court by 42 U.S.A. § 2000e-5(f)(3). Subject matter jurisdiction over her EPA claim is conferred on the Court by 28 U.S.C. § 1331.

4.      The Court has supplemental jurisdiction over Ms. Frintner's PHRA claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5.      Plaintiff Mary Frintner is a resident and citizen of New Jersey. She resides at 605 North Atlantic Avenue, Collingswood, New Jersey 08108.

6.      Defendant TruePosition is a Delaware corporation and a subsidiary of Liberty Media Corporation. TruePosition maintains its principal place of business at 1000 Chesterbrook Boulevard, Berwyn, Pennsylvania 19312.

7.      TruePosition designs, sells and installs location technologies and intelligence solutions for safety and security markets in this country and abroad.

8.      At all times relevant hereto, TruePosition has been an employer within the meaning of Title VII, the EPA and the PHRA.

9.      At all times relevant hereto, Ms. Frintner was employed by TruePosition at its Berwyn, Pennsylvania office. As such, she was protected by the anti-discrimination provisions of Title VII, the EPA and PHRA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.     On October 1, 2009 Ms. Frintner filed a charge of discrimination against TruePosition with the United States Equal Employment Opportunity Commission

("EEOC"), Charge No. 530-2010-00245, alleging, as averred here, that she was denied the pay and promotion to which she was entitled and that she was discharged from employment, all on account of her gender.

11. The EEOC dual filed her charge with the Pennsylvania Human Relations Commission ("PHRC") which, in turn, docketed it at PHRC Case No. 200906228.

12. By letter dated and mailed on March 2, 2011 the EEOC notified Ms. Frintner of her right to sue TruePosition for the claims she raised against it under Title VII and the EPA.

13. By letter dated and mailed December 7, 2010 the PHRC notified Ms. Frintner of her right to sue TruePosition for the claims she raised against it under the PHRA.

14. This action has been timely filed within the suit-filing provisions of Title VII, the EPA and the PHRA.

**STATEMENT OF FACTS**

15. In January 2005 Ms. Frintner began her employment with TruePosition as a contract-employee in its Documentation Department.

16. In December 2005 Ms. Frintner was hired by TruePosition as a full-time employee in the position of Technical Writer.

17. In September 2007 Ms. Frintner was promoted to the position of Senior Technical Writer.

18. Throughout the course of her employment with TruePosition, Ms. Frintner received excellent performance evaluations and feedback. In fact, she was repeatedly told by her managers that hers were the highest performance evaluations of all the employees in the Documentation Department.

19. In addition to her responsibilities as a Senior Technical Writer, beginning in 2007 and continuing through the termination of her employment in August 2009, TruePosition assigned Ms. Frintner to perform a number of management and leadership activities both inside and outside the Documentation Department. These included roles as a project planner and leader, a resource allocator, a technical advisor, a trainer and mentor of other employees and a representative of the Department at meetings held with other department managers.

20. TruePosition assigned these management and leadership responsibilities to Ms. Frintner based on her proven performance, experience and abilities.

21. Despite her assuming and performing these responsibilities, TruePosition refused to compensate Ms. Frintner on the same basis as it did similarly-situated male employees who performed jobs that required equal skill, effort and responsibility.

22. Among those similarly-situated male employees whom TruePosition compensated more favorably than Ms. Frintner were the following: Jason Owen, an Information Architect; James Amos, a Quality Assurance Manager; and Principal Engineers in the Software Development and Systems Engineering departments.

23. Ms. Frintner repeatedly raised her concern that she was not receiving equal pay for equal work with her supervisors but, in each instance, TruePosition failed or refused to compensate her on the same basis as it compensated her similarly-situated male colleagues.

24. Specifically, Ms. Frintner raised this pay issue with Senior Manager, Steve Maiorano and, later, with his successor, Steven Straight. Both admitted she deserved increased pay in light of her management and leadership responsibilities. Indeed, in her February 2009 performance review, Mr. Straight directly told Ms. Frintner that she was being underpaid in regard to the duties and responsibilities she was performing. But still TruePosition declined to compensate her accordingly.

25. TruePosition's failure/refusal to compensate Ms. Frintner for her duties and responsibilities as a manager and leader on the same basis as her similarly-situated male colleagues was willful and intentional.

26. In addition to not receiving equal pay for equal work, Ms. Frintner was also denied a promotion to positions for which she was qualified and which she had earned.

27. Specifically, TruePosition denied Ms. Frintner a promotion to a position of Principal, Lead and/or Manager. Her direct supervisor, first Steve Maiorano, and then his successor, Steven Straight, both told her she had earned the right to be promoted above her position as Senior Technical writer but, on each occasion, TruePosition denied her the promotion she was due.

28. TruePosition's most recent refusal to promote Ms. Frintner occurred on February 16, 2009. On that day, Mr. Straight met with Ms. Frintner to discuss and present her with her annual performance review. After extolling her performance (both verbally and in writing), he told Ms. Frintner that she was underpaid and that, although she deserved a promotion to the position of Principal -- a promotion that he said he had recommended -- Vice President Alan Larrabee had declined his recommendation. As a result, despite her qualifications, Ms. Frintner did not receive the promotion that she deserved.

29. TruePosition's refusal to promote Ms. Frintner was based on her gender and in violation of rights secured to her by Title VII and the PHRA.

30. On August 3, 2009 TruePosition terminated Ms. Frintner's employment.

31. In explaining the basis for her termination, Ms. Frintner was informed by Mr. Straight and by Steve Picciocchi, the Director of Human Resources for TruePosition, that her termination was the result of a reorganization and part of a 10%

budget reduction across all of TruePosition's departments -- a reorganization that they said included the layoffs of both employees and contractors.

32. That explanation was a pretext.

33. No other employee or contractor was dismissed as part of this "reorganization."

34. Nor (had there actually been a "reorganization" or "reduction-in-force") did TruePosition ever provide Ms. Frintner with a list of laid off and retained employees as required by the federal Older Workers Benefit Protection Act, 29 U.S.C. § 626(f)(1)(H).

35. As further evidence of its pretextual explanation, TruePosition did not lay off any males as part of its "reorganization." Specifically, Michael Sheldon and Jason Owen, who held comparable leadership roles in the Documentation Department and performed duties similar to Ms. Frintner, were not laid off from their jobs. Both men had less seniority and were less qualified than Ms. Frintner.

36. Moreover, less than a month after it terminated Ms. Frintner's position, TruePosition promoted a 30 year old male, Derek Fess, to the very position -- Senior Technical Writer -- that she previously had held. Mr. Fess had less seniority and was less skilled and qualified for the job than Ms. Frintner.

37. Further evidence of pretext is demonstrated by TruePosition's decision to hire two contract employees to work in the Documentation Department from

which Ms. Frintner had been terminated. These employees were hired in 2010. Despite her availability, Ms. Frintner was not contacted by TruePosition for either of these two positions.

38. TruePosition terminated Ms. Frintner's employment on account of her gender in violation of the rights secured to her by Title VII and the PHRA.

39. As a direct and proximate result of TruePosition's violations of her rights, Ms. Frintner has suffered a loss of earnings and earnings capacity including, but not limited to, the loss of wages, bonuses and fringe benefits to which she was otherwise entitled.

40. As a further direct and proximate result of the violations of her rights, Ms. Frintner has suffered physical pain and sickness, emotional distress, humiliation, harm to her reputation, loss of confidence and self-esteem and the loss of enjoyment of life's pleasures.

## CAUSES OF ACTION:

### COUNT I

41. Ms. Frintner repeats and incorporates by reference the allegations set forth in paragraph 1 through 40 of her Complaint.

42. By denying Ms. Frintner equal pay for equal work, TruePosition has violated the anti-discrimination provisions of the EPA, 29 U.S.C. § 206(d)(1), Title VII, 42 U.S.C. § 2000e-2(a)(1) and the PHRA, 43 Pa.C.S.A. § 955(a).

## COUNT II

43. Ms. Frintner repeats and incorporates by reference the allegations set forth in paragraph 1 through 42 of her Complaint.

44. By denying Ms. Frintner the promotion she was due, TruePosition has violated the anti-discrimination provisions of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the PHRA, 43 Pa.C.S.A. § 955(a).

## COUNT III

45. Ms. Frintner repeats and incorporates by reference the allegations set forth in paragraph 1 through 44 of her Complaint.

46. By terminating Ms. Frintner's employment, TruePosition has violated the anti-discrimination provisions of Title VII, 42 U.S.C. § 2000e-2(a)(1) and the PHRA, 43 Pa.C.S.A. § 955(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Frintner respectfully requests that judgment be entered in her favor and against TruePosition, and that it include the following:

a. An award of back pay with prejudgment interest;

b. An award of liquidated damages under the EPA in twice the amount of her unpaid wages;

c. Reinstatement if feasible;

d. To the extent reinstatement is not feasible, an award of front pay;

e. An award of compensatory damages under Title VII and the PHRA for all the non-economic damages Ms. Frintner has suffered;

f. An award of punitive damages under Title VII;

g. An award of reasonable counsel fees and costs to compensate Ms. Frintner for having to prosecute this lawsuit against TruePosition; and

h. Such other legal and equitable relief as may be just and proper under the circumstances.

## JURY DEMAND

Ms. Frintner demands a trial by jury on all the legal claims set out in her Complaint.

RAYNES McCARTY

By: /s/ Harold I. Goodman
Harold I. Goodman, Esquire
1845 Walnut Street
20th Floor
Philadelphia, PA 19103
215 - 568 - 6190

Attorney for Plaintiff Mary Frintner

Dated: May 27, 2011